UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDDIE JAMES THOMAS, JR., <br><br> Petitioner, <br> v. <br> BRIAN WILLIAMS, <br><br> Respondent. | Case No. 3:21-cv-00096-MMD-WGC <br><br> ORDER |

**I.  SUMMARY**

This is a *habeas corpus* action under 28 U.S.C. § 2254. Currently before the Court is Petitioner Eddie Thomas' Petition for a Writ of Habeas Corpus ("Petition"). The Court has reviewed the Petition under Rule 4 of the Rules Governing Section § 2254 cases in the United States District Courts. Thomas did not use this Court's petition form, and thus important historical information is missing. Additionally, the Petition as written is without merit on its face. However, Thomas might be able to file an amended petition that would allege a potentially meritorious claim. The Court will give him that opportunity.

**II.  BACKGROUND**

In 2007, Thomas was convicted, pursuant to a jury verdict, of five counts of statutory sexual seduction. The Eighth Judicial District Court adjudicated Thomas as a habitual criminal. The state district court imposed the same sentence for each count: a maximum term of 240 months and a minimum term of 96 months in prison. Three of the sentences run consecutively. (ECF No. 1-2 at 13-14.)

Thomas filed two federal *habeas corpus* petitions under 28 U.S.C. § 2254 in this Court. The Court dismissed *Thomas v. Beneditti*, Case No. 3:09-cv-00455-HDM-WGC, because Thomas had failed to exhaust his state-court remedies. *See* 28 U.S.C. § 2254(b). The Court dismissed *Thomas v. Baca*, Case No. 3:13-cv-00043-MMD-WGC, because it was untimely. *See* 28 U.S.C. § 2244(d).

In 2015, Thomas was convicted, pursuant to a guilty plea, of one count of battery by a prisoner. The First Judicial District Court imposed a sentence with a maximum term of 30 months and a minimum term of 12 months. This sentence runs consecutively to the sentences in the Eighth Judicial District Court case. (ECF No. 1-2 at 15-16.)

According to the online inmate records of the Nevada Department of Corrections, in February 2017 Thomas discharged the first of his three consecutive sentences, along with the two concurrent sentences, for statutory sexual seduction. His two remaining consecutive sentences for statutory sexual seduction have been aggregated into one sentence with a minimum term of 16 years and a maximum term of 40 years. His sentence for battery by a prisoner remains pending.[1]

Two state post-conviction habeas corpus petitions are relevant to this action. First, on January 3, 2018, the Eighth Judicial District Court granted one petition. That court found that credits earned for good behavior must apply to Thomas' minimum sentences and parole eligibility for the statutory-sexual-seduction sentences, under the version of N.R.S. § 209.4465 in effect at the time of the offenses. (ECF No. 1-2 at 25-28.) *See Williams v. State Dep't of Corr.*, 402 P.3d 1260 (Nev. 2017).

Second, on February 14, 2020, the Eleventh Judicial District Court denied the other petition as procedurally barred. (ECF No. 1-2 at 30-32.) Thomas appealed. On September 11, 2020, the Nevada Court of Appeals affirmed, holding that the state district court reached the correct result by an incorrect reason. The Nevada Court of Appeals held first that Thomas could not aggregate his sentences under NRS § 213.1212 before July 1,

---

[1] *Nevada Department of Corrections Inmate Search*, https://ofdsearch.doc.nv.gov/form.php. This record lists his sentences for statutory sexual seduction as habitual-criminal sentences.

1  2014, because NRS § 213.1212 did not go into effect until that date. Second, because
Thomas had been considered for parole for his first sentence before NRS § 213.1212's
effective date, that first sentence could not be aggregated with the other sentences. *See*
NRS § 213.1212(5)(b). (ECF No. 1-2 at 33-35.)

Thomas then filed an application to file a second or successive petition with the United States Court of Appeals for the Ninth Circuit. (ECF No. 1-2.) The Ninth Circuit determined that the petition was not second or successive. The Ninth Circuit then transferred the petition to this Court. (ECF No. 2 at 1.)

**III.    DISCUSSION**

As written, the Petition lacks merit on its face. Thomas' sole ground appears to be a claim that the Nevada Court of Appeals erred in its ruling that Thomas could not aggregate his sentences before the aggregate-sentence statute became effective and that Thomas' first sentence could not be included in an aggregate sentence because he had been considered for parole on that sentence before his aggregate-sentence request became effective. So written, Thomas is complaining about errors in the state post-conviction process. Such errors are not addressable in federal habeas corpus. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997).

If the Court construed Thomas' Petition liberally, as it does with *pro se* petitions, then Thomas might be raising the same claims that he raised with the Eleventh Judicial District Court and the Nevada Court of Appeals. However, Thomas has not alleged those claims directly in the Petition. Thomas also has not attached his state post-conviction *habeas corpus* petition to his federal petition. Thomas has attached only the state-court rulings. This Court thus has only second-hand information about what Thomas' claims are. If those courts overlooked or misconstrued Thomas' claims, and if this Court construed Thomas' claims from those courts' rulings, then this Court would be assuming erroneously what Thomas' claims are.

3

Instead, Thomas should file an amended petition in which he alleges what his claims are, clearly and concisely. Thomas should not argue how the state courts were wrong in their decisions. At this point in the proceedings, the issue is whether Thomas' claims have potential merit, not whether the state courts erred in denying those claims.

**IV.   CONCLUSION**

It therefore is ordered that the Clerk of Court file the Petition currently on the docket at ECF No. 1-1.

It further is ordered that the Clerk of Court send Thomas a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Thomas will have 30 days from the date that this Order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline, nor any extension thereof, signifies or will signify any implied finding of a basis for tolling during the time period established. Thomas at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this Order will result in the dismissal of this action.

It further is ordered that Thomas must clearly title the amended petition as such by placing the word "Amended" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and Thomas must place the case number, 3:21-cv-00096-MMD-WGC, above the word "Amended."

It further is ordered that the Clerk of Court add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It further is ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this Order, but no further response will be required from Respondents until further order of the Court.

///

///

///

///

It further is ordered that the Clerk of Court provide copies of this Order and all prior filings to the Attorney General in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 10th Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE