UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| EDDIE JAMES THOMAS, JR., | Case No. 3:21-cv-00096-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, | |
| Respondent. | |

**I.   SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. Previously, the Court directed Petitioner Eddie Thomas to file an amended petition. (ECF No. 5.) Thomas has filed an amended petition. (ECF No. 7 ("Petition").) The Court has reviewed it under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court denies the Petition because it lacks merit.

**II.   BACKGROUND**

After a jury trial in the state district court, Thomas was convicted of five counts of statutory sexual seduction. The state district court adjudicated Thomas as a habitual criminal under NRS § 207.010(1)(a) (1997). The state district court imposed three consecutive prison sentences with minimum terms of 96 months and maximum terms of 240 months (counts I-III) and two prison sentences with minimum terms of 96 months and maximum terms of 240 months (counts IV-V) that run concurrently with counts I-III. *Thomas v. State*, Case No. 49486 (Nev. Dec. 10, 2007).[1]

In 2013, the Nevada Legislature passed a law that created aggregate sentencing for some offenses, effective July 1, 2014. NRS § 176.035(1), (2) (2013). Thomas, who

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=17256. The Court takes judicial notice of the on-line docket of the Nevada Supreme Court.

1 | had been sentenced before July 1, 2014, could make an irrevocable election on or after
2 | that date to aggregate his consecutive sentences. NRS. § 213.1212(3) (2013) (now NRS
3 | § 213.1212(5)). Two exceptions applied to Thomas' sentences. First, while in prison
4 | Thomas was convicted of battery by a prisoner. He must serve that sentence
5 | consecutively to any other sentences, and that sentence may not be aggregated. NRS
6 | § 176.035(3). Second, if Thomas "has been considered for parole on one or more of the
7 | sentences, the Department of Corrections shall aggregate only the sentences for which
8 | parole has not been considered." NRS § 213.1212(3)(b) (2013) (now NRS
9 | § 213.1212(5)(b)).

On October 2, 2013, the parole board considered Thomas' first consecutive sentence and the two concurrent sentences. The parole board deferred any action because it first wanted Thomas to undergo an evaluation. (ECF No. 8 at 18.)

On January 16, 2014, the parole board again considered Thomas' first consecutive sentence and the two concurrent sentences. The parole board took no action because Thomas "indicates an interest in aggregating his/her consecutive sentence(s). No action is taken to allow the inmate time to research and make a determination whether to opt-in." (ECF No. 8 at 20.)

No later than April 14, 2014, Thomas sent to the Nevada Department of Corrections ("NDOC") a request for aggregation of his consecutive sentences. (ECF No. 8 at 22.)

On April 17, 2014, the parole board again considered Thomas' first consecutive sentence and the two concurrent sentences. This time, the parole board denied Thomas parole from those sentences. (ECF No. 8 at 24.)

On July 1, 2014, the aggregate-sentencing law went into effect.

On December 11, 2014, the NDOC aggregated Thomas' sentences, "beginning with Level 2." (ECF No. 8 at 22.)

At the end of February 13, 2017, Thomas' first consecutive sentence and the two concurrent sentences expired. Thomas started serving his remaining two consecutive, aggregated sentences on February 14, 2017. (ECF No. 8 at 55.)

Thomas earned credits toward his sentence pursuant to the version of NRS § 209.4465 (2003) in effect at the time. At the time, § 209.4465(7) stated, "Credits earned pursuant to this section: (a) Must be deducted from the maximum term imposed by the sentence; and (b) Apply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." However, another law stated, at the time, "Except as otherwise provided in NRS 213.1213 and as limited by statute for certain specified offenses, a prisoner who was sentenced to prison for a crime committed on or after July 1, 1995, may be paroled when he has served the minimum term of imprisonment imposed by the court. Any credits earned to reduce his sentence pursuant to chapter 209 of NRS while the prisoner serves the minimum term of imprisonment may reduce only the maximum term of imprisonment imposed and must not reduce the minimum term of imprisonment." NRS § 213.120 (1995). The NDOC did not apply good-time credits toward Thomas' minimum terms.

On October 5, 2017, the Nevada Supreme Court held that the NDOC was interpreting the statutes incorrectly. Good-time credits apply to sentences like Thomas', because the statute under which Thomas was sentenced did not specify a minimum term before becoming eligible for parole. *Williams v. State*, 402 P.3d 1260 (Nev. Oct. 5, 2017); *e.g., compare* NRS § 207.010(1)(a) (1997) (a "minimum term") *with* NRS § 207.010(1)(b)(2), (3) (1997) ("eligibility for parole beginning when a minimum of 10 years has been served").

The NDOC was not alone in its interpretation. For example, the state district court in Thomas' case used "minimum term" and "eligibility for parole beginning when a minimum" interchangeably. The sentence for each count in his judgment of conviction states, "TO A MAXIMUM of TWO HUNDRED FORTY (240) MONTHS with a MINIMUM

3

*Parole Eligibility* of NINETY-SIX (96) MONTHS." *Thomas v. Baca*, Case No. 3:13-cv-00043-MMD-WGC (ECF No. 23) (italics added, capitalization in original). However, NRS § 207.010(1)(a) says nothing about parole eligibility.

Before the Nevada Supreme Court decided *Williams*, Thomas had filed a habeas corpus petition in the state district court. He argued that good-time credits should have applied to his minimum term. The state district court initially denied Thomas' petition orally, but the Nevada Supreme Court decided *Williams* before the state district court issued its written order. The state district court reversed itself and granted Thomas' petition. (ECF No. 8 at 51-54.) By that time, Thomas' first consecutive sentence had expired fully, on February 13, 2017. Nevada does not have retroactive parole. *Niergarth v. Warden*, 768 P.2d 882, 883-84 (Nev. 1989). Additionally, Thomas could not be paroled from an expired sentence. *Johnson v. Dir., Nev. Dep't of Prisons*, 774 P.2d 1047, 1049 (Nev. 1989). The grant of relief thus applied to the aggregated minimum term for Thomas' remaining two sentences.

On February 11, 2019, Thomas filed another habeas corpus petition in the state district court. The state district court dismissed the petition as procedurally barred because it was successive. On appeal, the Nevada Court of Appeals disagreed that the petition was successive. Nevertheless, it affirmed because the state district court reached the right result for the wrong reason. (ECF No. 8 at 76 (citing *Wyatt v. State*, 468 P.2d 338, 341 (Nev. 1970)).) The claim that Thomas raised is the same as what he raises now in this Court.

**III. DISCUSSION**

Thomas argues that the NDOC should have aggregated his sentences under NRS § 213.1212(3) (2013), upon submission of his request no later than April 14, 2014. That, in turn, should have stopped the parole board from considering and denying parole on his first consecutive sentence on April 17, 2014. If all three sentences would have been aggregated, then he would have been serving the minimum aggregate term when the Nevada Supreme Court decided *Williams* in October 2017. Then, the state district court

1 would have granted him relief under
2 *Williams*, allowing good-time credits to apply to the total minimum aggregate term for all
3 three sentences. Thomas argues that with those credits, his minimum aggregate term
4 and eligibility for parole would have been 12 years from sentencing. Instead, Thomas
5 alleges that he had to serve his first consecutive sentence through to expiration, 11 years
6 after taking good-time credits into account, and then he has another 8 years of the
7 minimum aggregate term of the two remaining consecutive sentences before becoming
8 eligible for parole.[2]

Under state law, parole is an act of legislative grace, and no person has a right to be released on parole. NRS § 207.10705. The Ninth Circuit Court of Appeals thus has held that a prisoner in Nevada does not have a constitutionally protected liberty interest in being released on parole. *Moor v. Palmer*, 603 F.3d 658, 662-63 (9th Cir. 2010). Additionally, a person does not have a constitutionally protected liberty interest in the processes used to determine whether to grant parole. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *see also Dist. Att'y's Office v. Osborne*, 557 U.S. 52, 67-68 (2009).

Consequently, despite titling his sole ground for relief as a violation of the Due Process Clause, Thomas has alleged only that Respondents violated state law. However, errors of state law are not addressable in federal habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thomas' Petition thus is without merit.

Thomas' comparison of his case with *Dumlao v. Daniels*, 481 F. Supp. 2d 1153 (D. Or. 2007), is inapposite. Dumlao, a federal prisoner, applied for the Residential Drug Abuse Treatment Program under 18 U.S.C. § 3621(e). 481 F. Supp. 2d at 1154. The Federal Bureau of Prisons took four months, without adequate explanation, to approve his application and place him on the waiting list for the program. *Id.* By that time, Dumlao alleged that he thus was not able to use the incentive of the one-year reduction in his sentence. *Id.* The federal district court ordered counsel for the parties to determine Dumlao's proper ranking for the waiting list as if the Bureau of Prisons had declared

---
[2]The Court has not verified his calculations.

5

1 | Dumlao eligible on the day that he had filed a complete application with sufficient documentation. *Id.* at 1155.

*Dumlao* has two factors that distinguish it from Thomas' case. First, Congress by law authorized the Residential Drug Abuse Treatment Program. The Fifth Amendment guaranteed that Dumlao could not be denied due process of that law. In contrast, as noted above, parole in Nevada is not a constitutionally guaranteed liberty interest protected by the Due Process Clause of the Fourteenth Amendment. Second, when Dumlao applied for the Residential Drug Abuse Treatment Program, 18 U.S.C. § 3621(e) was in effect at the time. The Bureau of Prisons could have acted upon Dumlao's application immediately upon its completion. In contrast, Nevada's sentence-aggregation statute, NRS § 213.1212, did not go into effect until July 1, 2014. The NDOC could not have acted upon Thomas' election to aggregate his sentence until that date, because any aggregation before then would have been illegal.

Reasonable jurists would not find the Court's determinations to be debatable or wrong, and the Court will not issue a certificate of appealability.

## IV. CONCLUSION

It is therefore ordered that the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 8) is denied.

The Clerk of the Court is directed to enter judgment accordingly and to close this action.

It is further ordered that a certificate of appealability will not issue.

DATED THIS 15th Day of July 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE